1  Mark T. Drooks - State Bar No. 123561
     mtd@birdmarella.com
2  Karis A. Chi - State Bar No. 225778
     kac@birdmarella.com
3  Michelle C. Tam - State Bar No. 248628
     mct@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT,
     NESSIM, DROOKS & LINCENBERG, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
7
   Attorneys for Julie Su, Labor
8  Commissioner of the State of California

9

10              **UNITED STATES DISTRICT COURT**

11      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13  TOTAL TRANSPORTATION            CASE NO. CV12-8949 MMM (AJWx)
    SERVICES, INC., a California     *Assigned to Hon. Margaret M. Morrow*
14  corporation; OVERSEAS FREIGHT,
    INC., a California corporation;
15  PACIFIC 9 TRANSPORTATION,       **DEFENDANT JULIE SU, LABOR**
    INC., a California corporation; and **COMMISSIONER OF THE STATE**
16  SOUTHERN COUNTIES EXPRESS,      **OF CALIFORNIA'S NOTICE OF**
    INC.,                           **MOTION AND MOTION TO**
17                                  **DISMISS PLAINTIFFS' FIRST**
                 Plaintiffs,        **AMENDED COMPLAINT OR, IN**
18                                  **THE ALTERNATIVE, MOTION**
         vs.                        **FOR A MORE DEFINITE**
19                                  **STATEMENT; MEMORANDUM**
    JULIE SU, LABOR COMMISSIONER    **OF POINTS AND AUTHORITIES**
20  OF THE STATE OF CALIFORNIA,     **IN SUPPORT THEREOF**
    DEPARTMENT OF INDUSTRIAL
21  RELATIONS, in her official capacity, [***Request for Judicial Notice and***
    and PAM HARRIS, DIRECTOR OF,    ***Proposed Order filed concurrently***]
22
                 Defendant.
23                                  Date:    December 9, 2013
                                    Time:    10:00 a.m.
24                                  Crtrm.: 780 (Roybal Federal Building)

25

26

27

28
   2959709.1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 9, 2013, at 10:00 a.m., or as soon thereafter as this matter may be heard in the above-entitled court, located at 255 East Temple Street Los Angeles, CA 90012-3332, in Courtroom 780, before the Honorable Margaret M. Morrow, United States District Judge of the Central District of California, defendant Julie Su, Labor Commissioner of the State of California (the "Labor Commissioner"), will and hereby does move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for an order dismissing the First Amended Complaint (the "FAC") of plaintiffs Total Transportation Services, Inc., Overseas Freight Inc., Pacific 9 Transportation, Inc., and Southern Counties Express, Inc. (collectively, "Plaintiffs").  In the alternative, the Labor Commissioner will and hereby does move, pursuant to Fed. R. Civ. P. 12(e), for a more definite statement.

The motion to dismiss is based on the grounds that: (1) Plaintiffs fail to satisfy the standing and ripeness requirements to establish subject matter jurisdiction; (2) the FAC fails  to state a cause of action upon which relief may be granted because: (a) 49 U.S.C. § 14501 does not preempt all California labor laws; and (b) the Anti-Injunction Act prohibits injunctions against on-going state court proceedings.  The FAC should therefore be dismissed without leave to amend.  In the alternative, Plaintiffs should be required to provide a more definite statement concerning the provisions of California law concerning which they seek a declaration of preemption.

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Request for Judicial Notice, the reply papers, the pleadings on file, and such other evidence and argument as the Court may receive.

/ / /

/ / /

/ / /

i

DEFENDANT JULIE SU, LABOR COMMISSIONER OF THE STATE OF CALIFORNIA'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1    This motion is made following the conference of counsel pursuant to Local

2  Rule 7-3 which took place on August 23, 2013.  The parties were unable to come to

3  agreement on the issues raised in this motion.

4

5  DATED:  September 3, 2013          Mark T. Drooks
                                     Karis A. Chi
6                                    Michelle C. Tam
7                                    BIRD, MARELLA, BOXER, WOLPERT,
                                         NESSIM, DROOKS & LINCENBERG, P.C.
8

9

10                                 By: _____
                                              /s/ *Karis A. Chi*
11                                          Karis A. Chi
                                     Attorneys for Julie Su, Labor
12                                   Commissioner of the State of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I   INTRODUCTION ...................................................................................1

II  PLAINTIFFS' FACTUAL ALLEGATIONS ........................................2

III PROCEDURAL BACKGROUND ..........................................................4

IV  ARGUMENT...........................................................................................4

    A.   The Court Lacks Subject Matter Jurisdiction Because Plaintiffs' Claims Are Not Ripe And Plaintiffs Lack Standing. ..............................4

        1.   TTSI .........................................................................................6

        2.   Pac 9 .......................................................................................7

        3.   OFI and SCEI.........................................................................8

    B.   The First Amended Complaint Fails To Allege Any Claims Upon Which Relief May Be Granted.........................................................9

        1.   The FAAAA does not preempt the entirety of California's labor laws. ...............................................................................10

        2.   This Court may not grant an injunction to stay the *de novo* appeals pending in Los Angeles Superior Court. .......................15

    C.   In The Alternative, Plaintiffs Should Be Required To Provide A More Definite Statement Of The State Laws Concerning Which They Seek Declaratory And Injunctive Relief. ....................................16

V   CONCLUSION .....................................................................................18

DEFENDANT JULIE SU, LABOR COMMISSIONER OF THE STATE OF CALIFORNIA'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# **TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*Air Transport Assoc. of America v. City and County of San Francisco,*
266 F.3d 1064 (9th Cir. 2001) ..........................................................12

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..................................................................10, 14

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ......................................................................10

*Brown v. Wal-Mart Stores, Inc.,*
2013 WL 1701581 (N.D. Cal., Apr. 18, 2013)......................................13

*Bureerong v. Uvawas,*
922 F. Supp. 1450 (C.D. Cal. 1996) ..................................................14

*Cahill v. Liberty Mut. Ins. Co.,*
80 F. 3d 336 (9th Cir. 1996) ............................................................10

*California v. Randtron,*
284 F.3d 969 (9th Cir. 2002) ...........................................................16

*Californians for Safe and Competitive Dump Truck Transportation v.*
*Mendonca,*
152 F.3d 1184 (9th Cir. 1998) .............................................11, 12, 13, 17

*Chick Kam Choo v. Exxon Corp.,*
486 U.S. 140 (1988)......................................................................16

*City of Los Angeles v. Lyons,*
461 U.S. 95 (1983)..........................................................................5

*Dan's City Used Cars, Inc. v. Pelkey,*
133 S.Ct. 1769 (2013)....................................................11, 13, 14, 15

*Dilts v. Penske Logistics, LLC,*
819 F.Supp. 2d 1109 (S.D. Cal. 2011) ...............................................13

*Employers Resource Management Co., Inc. v. Shannon,*
65 F.3d 1126 (4th Cir. 1995) ...........................................................16

2959709.1

iv

*Esquivel v. Vistar Corp.*,
   2012 WL 516094 (C.D. Cal., Feb. 8, 2012) ..........................................13

*Kokkonen v. Guardian Life Ins. Co.*,
   511 U.S. 375 (1994) ...............................................................................4

*Marder v. Lopez*,
   450 F.3d 445 (9th Cir. 2006) ...............................................................10

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996) ..........................................................16, 17

*Mendez v. Carriers, Inc.*,
   2012 WL 5868973 (N.D. Cal., Nov. 19, 2012) ....................................13

*Palmtree Acquisition Corp. v. Neely*,
   2011 WL 3419493 (N.D. Cal., Aug. 4, 2011) ..................................17, 18

*Papasan v. Allain*,
   478 U.S. 265 (1986) .............................................................................10

*Prudential Real Estate Affiliates, Inc. v. PPR*,
   204 F.3d 867 (9th Cir. 2000) ...............................................................16

*Swierkiewicz v. Sorema N. A.*,
   534 U.S. 506 (2002) .............................................................................16

*Thomas v. Anchorage Equal Rights Com'n*,
   220 F.3d 1134 (9th Cir. 2000) ....................................................5, 6, 7, 8

*Winter v. California Medical Review, Inc.*,
   900 F.2d 1322 (9th Cir. 1990) ...............................................................5

**STATE CASES**

*People ex rel. Harris v. Pac Anchor Transportation, Inc.*,
   195 Cal. App. 4th 765 (2011) ..............................................................13

*S.G. Borello & Sons, Inc. v. Department of Industrial Relations*,
   48 Cal. 3d 341 (1989) ......................................................................2, 14

**FEDERAL STATUTES**

28 U.S.C. § 2283 .........................................................................................15

49 U.S.C. § 14501 ..................................................................................3, 11

**STATE STATUTES**

California Labor Code, § 95 ............................................................................... 2

California Labor Code, § 98 ............................................................................... 2

California Labor Code § 98.2 ......................................................................... 3, 6

California Labor Code § 98.4 ............................................................................ 15

California Labor Code § 226.7 ...................................................................... 1, 2

California Labor Code § 512 ......................................................................... 1, 2

**RULES**

Fed. R. Civ. P. 12(b)(6)........................................................................... 9, 10, 12

Fed. R. Civ. P. 12(e) ........................................................................................ 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

Plaintiffs' First Amended Complaint is an omnibus attack on California's labor laws, launched by parties that do not have either standing or judiciable claims to challenge those laws.

This Court previously dismissed the original Complaint due to Plaintiffs' lack of standing to pursue a declaration that California Labor Code sections 226.7 and 512 are preempted by federal law.  In response to that dismissal, Plaintiffs filed an amended complaint seeking a declaration that "the State's full measure of wage and hour and employee-related laws as applied to Plaintiffs' Motor Carrier Services are preempted," and an injunction preventing defendant Julie Su, Labor Commissioner of the State of California, from enforcing those laws.  The First Amended Complaint now boasts of more dramatic allegations concerning how the totality of California's labor laws will put Plaintiffs out of business, but remains vague concerning the specific laws that have been actually enforced against Plaintiffs and the impact of any such enforcement activities.  As detailed below, in spite of Plaintiffs' purposeful ambiguity, judicially noticeable facts show that the First Amended Complaint presents no case or controversy ripe for adjudication and Plaintiffs lack standing to launch a wholesale attack on California's labor laws.  Moreover, Plaintiffs fail to state a claim upon which relief may be granted because federal law does not preempt all California labor laws.

Plaintiffs have already been given an opportunity to demonstrate through amendment that they have standing or a ripe controversy to present to this Court, but could not.  Plaintiffs should not be allowed to keep the Labor Commissioner in litigation in the hopes that a ripe controversy will develop by the time the next amended complaint is due.  The First Amended Complaint should be dismissed in its entirety, with no further leave to amend.

1

## II

## PLAINTIFFS' FACTUAL ALLEGATIONS

Plaintiffs Total Transportation Services, Inc. ("TTSI"), Overseas Freight, Inc. ("OFI"), Pacific 9 Transportation, Inc. ("Pac 9") and Southern Counties Express, Inc. ("SCEI") are motor carrier companies engaged in drayage to and from the Ports of Los Angeles and Long Beach, California.  First Amended Complaint ("FAC"), ¶ 4.  Plaintiffs engage drivers to perform transportation services pursuant to leases and other agreements that designate these drivers as "independent contractors."  *Id.*, ¶ 6.

Defendant Julie Su, Labor Commissioner of the State of California (the "Labor Commissioner"), is the Chief of the Division of Labor Standards Enforcement, which is charged with the enforcement of the State's labor laws, including the adjudication of wage claims.  *Id.*, ¶ 5.  *See also* Cal. Labor Code, §§ 95, 98.  The FAC alleges that in 2010, the Labor Commissioner initiated investigations into whether independent contractors with licensed logistical motor carrier companies should be reclassified and treated as employees under California law.  *Id.*, ¶ 12.  The investigations against Plaintiffs were abandoned, and the Labor Commissioner began to process and adjudicate individual claims brought against them.  *Id.*  The Labor Commissioner "has applied, and continues to apply, the multi-factor test articulated in *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989) (the "*Borello* Test") resulting in the factual finding of the existence of an employer-employee relationship and the issuance of an Order, Decision or Award ("ODA") under California's applicable wage orders and relevant California Labor Code sections."  *Id.*, ¶ 1.

In 2011 and 2012, certain drivers filed claims against Plaintiffs with the Labor Commissioner "seeking an adjudication and determination of the existence of an employer-employee relationship and seeking amounts for alleged unlawful deductions, interests and waiting time penalties under various provisions of the California Labor Code."  *Id.*, ¶¶ 13, 14.

2959709.1

2

DEFENDANT JULIE SU, LABOR COMMISSIONER OF THE STATE OF CALIFORNIA'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   The Labor Commissioner held hearings concerning two claims filed against
2   TTSI, and issued an Order, Decision or Award ("ODA") in each of those cases. *Id.*,
3   ¶ 13, Exh. A.  The ODAs found the existence of an employer-employee relationship
4   between TTSI and the claimants, and ordered TTSI to pay moneys to the claimants.
5   *Id.*, ¶ 13.  Pursuant to Labor Code section 98.2, which provides for *de novo* review
6   of ODAs by the Superior Court, TTSI posted bonds and appealed the ODAs to the
7   Los Angeles Superior Court. *Id.*

8   OFI, Pac 9 and SCEI, upon the setting of hearings before the Labor
9   Commissioner concerning claims filed against them, filed petitions in the Los
10  Angeles Superior Court to compel arbitration of those claims.  FAC, ¶ 14, Exh. B.
11  The FAC alleges that "but for the filing of petitions to compel arbitration, the
12  hearing dates set by Defendant would have proceeded," *Id.*, ¶ 31.  The FAC does not
13  allege that any hearings relating to these claims have been set or held by the Labor
14  Commissioner after OFI, Pac 9 and SCEI filed petitions to compel arbitration in the
15  Superior Court.

16  The FAC alleges that the Labor Commissioner's application of the *Borello*
17  Test, by which the Labor Commissioner determines whether a worker is an
18  "employee" or an "independent contractor" under California law, is inconsistent
19  with the "economic realities test" under the Fair Labor and Standards Act ("FLSA").
20  *Id.*, ¶ 18.  The FAC also alleges, on information and belief, that continued
21  application of the *Borello* Test by the Labor Commissioner would adversely affect
22  Plaintiffs' rates, routes and services by increasing their operational costs. *Id.*, ¶ 20.
23  The FAC further alleges, on information and belief, that requiring Plaintiffs to
24  provide meal breaks and rest breaks to drivers would "result in reduced services,
25  affect routes and jeopardize the timely delivery of goods and products." *Id.*, ¶ 21.
26  The FAC alleges that California's "wage and hour and employee-related laws" are
27  preempted by the Federal Aviation Administration Authorization Act of 1994
28  ("FAAAA"), 49 U.S.C. § 14501. *Id.*, ¶¶ 25-28.

1    Plaintiffs' first claim for declaratory relief seeks a declaration that "the State's

2    full measure of wage and hour and employee-related laws as applied to Plaintiffs'

3    Motor Carrier Services are preempted by the FAAAA." *Id.*, p. 17.  Plaintiffs' second

4    claim for injunctive relief seeks a temporary restraining order, preliminary

5    injunction and permanent injunction prohibiting the Labor Commissioner from "(1)

6    applying the *Borello* Test, and (2) enforcing the existing ODAs currently on appeal

7    in the Los Angeles Superior Court." *Id.*

8                                    **III**

9                     **PROCEDURAL BACKGROUND**

10   The original complaint in this action was filed on October 17, 2012 by TTSI,

11   OFI, Pac 9 and SCEI, plus two other parties, against the Labor Commissioner and

12   Pam Harris, Director of the California Employment Development Department

13   ("EDD").  *See* Complaint for Declaratory and Injunctive Judgment, Dkt. No. 1 (Oct.

14   17, 2012).  On July 30, 2013, this Court granted the Labor Commissioner's and

15   EDD's motions to dismiss the original complaint for lack of subject matter

16   jurisdiction.  *See* Order, Dkt. No. 56 (Jul. 30, 2013).

17   TTSI, OFI, Pac 9 and SCEI filed the First Amended Complaint on August 15,

18   2013 against the Labor Commissioner.  On August 23, 2013, counsel for the parties

19   met and conferred concerning the Labor Commissioner's contemplated motion to

20   dismiss, but were unable to come to agreement on the issues raised in this motion.

21                                    **IV**

22                               **ARGUMENT**

23   **A.    The Court Lacks Subject Matter Jurisdiction Because Plaintiffs' Claims**

24           **Are Not Ripe And Plaintiffs Lack Standing.**

25   A party seeking to sue in federal court bears the burden of establishing that

26   the court has subject matter jurisdiction to hear the action.  *Kokkonen v. Guardian*

27   *Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "[T]hose who seek to invoke the

28   jurisdiction of the federal courts must satisfy the threshold requirement imposed by

Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983).  "Whether the question is viewed as one of standing or ripeness, the Constitution mandates that prior to [the federal courts'] exercise of jurisdiction there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'"  *Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1139 (9th Cir. 2000).  To ensure that this jurisdictional prerequisite is satisfied, courts "consider whether the plaintiffs face 'a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement,' or whether the alleged injury is too 'imaginary' or 'speculative' to support jurisdiction."  *Id.* (internal citations omitted)  "[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement."  *Id.*

In considering whether a claim challenging an administrative agency's action is ripe is for review:

> [A] court must evaluate the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.  A claim is fit for decision if the issues raised are primarily legal, do not require further factual development, *and the challenged action is final*.  In interpreting the finality requirement, a court looks to whether the agency action represents the final administrative word to insure that judicial review will not interfere with the agency's decision-making process.  To meet the hardship requirement, a litigant must show that withholding review would result in direct and immediate hardship and would entail *more than possible financial loss*.

*Winter v. California Medical Review, Inc.*, 900 F.2d 1322, 1325 (9th Cir. 1990) (internal citations and quotation marks omitted) (emphasis added).

Plaintiffs' first claim for declaratory relief seeks a declaration that "the State's full measure of wage and hour and employee-related laws" are preempted by the FAAAA.  Plaintiffs' second claim for relief seeks to enjoin the Labor Commissioner's application of the *Borello* Test in processing claims filed by

2959709.1

5

DEFENDANT JULIE SU, LABOR COMMISSIONER OF THE STATE OF CALIFORNIA'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

California workers against Plaintiffs and enforcement of the ODAs on appeal in the Los Angeles Superior Court.  None of the Plaintiffs can satisfy the "case and controversy" requirement to pursue these claims.

### 1.     TTSI

The FAC alleges that the Labor Commissioner issued ODAs against TTSI and in favor of Cristobal Barrera and Jose Montero (the "TTSI Claimants") for "unlawful deductions, interests and waiting time penalties."  FAC, ¶ 13, Exh. A. Under California law, however, ODAs issued by the Labor Commissioner are subject to a *de novo* appeal to the Superior Court.  Ca. Labor Code § 98.2(a).  An ODA becomes final only if it is not appealed within the allowable time period.  Ca. Labor Code § 98.2(d).  Here, TTSI appealed the ODAs to the Los Angeles Superior Court.  FAC, ¶ 13.  The challenged ODAs are therefore not final.

Both of TTSI's *de novo* appeals have been set for trial on January 6, 2014 before the Honorable Ross Klein of the Los Angeles Superior Court.  *See* Defendant's Request for Judicial Notice ("RJN"), Exhs. 1, 2.  There is presently no "actual or imminent" injury facing TTSI because it is entirely uncertain how Judge Klein will rule in those appeals.  In the event TTSI argues in those state court proceedings that the FAAAA preempts the California statutes on which the TTSI Claimants base their claims, it is unclear how Judge Klein will rule on that defense. Nor is it clear that Judge Klein will apply the *Borello* Test or find that the outcome would be different if he applied the purportedly different "economic realities" test under the FLSA.  TTSI's claims amount to a request for an advisory opinion *just in case* TTSI loses the *de novo* appeals.  But the federal courts' role "is neither to issue advisory opinions nor to declare rights in hypothetical cases."  *Thomas*, 220 F.3d at 1138.

Other than the two *de novo* appeals, which are not yet ripe for review, the FAC does not allege that the Labor Commission has taken any other action to apply the *Borello* Test or enforce any other provision of California labor law against TTSI.

1  TTSI presents no claim ripe for adjudication.  Also, the *de novo* appeals are based

2  on claims alleging "unlawful deductions, interests and waiting time penalties."

3  FAC., ¶ 13.  FAC does not allege any facts to show that TTSI has standing to

4  challenge other provisions of California labor law, such as those dealing with meal

5  and rest breaks, much less standing to challenge the "the State's full measure of

6  wage and hour and employee-related laws."[1]

7      **2.      Pac 9**

8          The FAC alleges that Tobias Renteria, Christian Lechuga, and Daniel

9  Melendez (the "Pac 9 Claimants") filed claims with the Labor Commissioner

10  against Pac 9 for "unlawful deductions, interests and waiting time penalties."  FAC,

11  ¶ 14, Exh. B, pp. 49-59.  Upon those claims being set for hearing, Pac 9 filed a

12  petition to compel arbitration in the Los Angeles Superior Court.  *Id.*  The FAC

13  conveniently omits the fact that, on October 1, 2012, the Honorable Robert H.

14  O'Brien of the Los Angeles Superior Court *granted* Pac 9's petition and ordered

15  each of the Pac 9 Claimants to "arbitrate his claim against [Pac 9], as agreed."  *See*

16  RJN, Exh. 3.  The FAC does not and cannot allege that the Labor Commissioner has

17  held hearings on the Pac 9 Claimants' claims either while the petition to compel

18  arbitration was pending or after the petition had been granted by the state court.[2]

19  _____

20  [1]   As the Court pointed out in its July 30, 2013 order, Plaintiffs did not allege in

21  their original complaint "that defendants have specifically threatened to enforce
   California's meal and rest break laws against them... that historically the defendants

22  have enforced California's meal and rest break laws against companies using the
   services of independent motor carrier contractors... that defendants have subjected

23  them to fines or made findings that they are liable under those laws... that

24  defendants have enforced California's meal and rest break laws against other entities

25  contracting with independent motor carrier contractors."  *See* Order, Dkt. No. 56, p.
   19.  Such allegations are also absent from the First Amended Complaint.

26  [2]   The FAC alleges that "but for the filing of the petitions to compel arbitration, the

27  hearing dates set by Defendant *would have* proceeded" – which confirms that the

28  Labor Commissioner did *not* proceed.  *See* FAC, ¶ 31 (emphasis added).

1  There is no final agency action, and no case or controversy ripe for adjudication.

2      Other than the case in which Pac 9 successfully compelled arbitration, the

3  FAC does not allege that the Labor Commission has taken any other action to apply

4  the *Borello* Test or enforce other provisions of California labor law against Pac 9.

5  Moreover, as with TTSI, the claims against Pac 9 sought relief for "unlawful

6  deductions, interests and waiting time penalties." FAC, ¶ 14. The FAC does not

7  allege facts to show Pac 9 has standing to challenge the entirety of California's

8  "employee-related laws."

9      **3.    OFI and SCEI**

10      The FAC alleges that Eustaquio Lopez, Christian Lechuga and Oscar Cornejo

11  (the "OFI Claimants") filed claims against OFI before the Labor Commissioner for

12  "unlawful deductions, interests and waiting time penalties." FAC, ¶ 14, Exh. B, pp.

13  60-63. Eduardo Garcia, Richard Finley and Luis Torres-Garzon (the "SCEI

14  Claimants") filed similar claims against SCEI. *Id.*, ¶ 14, Exh. B, pp. 64-76. Upon

15  those claims being set for hearing by the Labor Commissioner, OFI and SCEI filed

16  petitions to compel arbitration in the Los Angeles Superior Court. *Id.*, ¶ 14, Exh. B,

17  pp. 60-76.

18      On July 5, 2013, the Honorable Richard Fruin of the Los Angeles Superior

19  Court continued the hearing on OFI's petition to compel arbitration to January 2014.

20  *See* RJN, Exh. 4. The continuance was based on the parties' stipulation that a case

21  currently pending before the California Supreme Court – *Sonic-Calabasas A, Inc. v.*

22  *Moreno (Frank B.)*, Case No. S 174475 – may be determinative of OFI's petition to

23  compel arbitration. *Id.*

24      Similarly, on April 8, 2013, pursuant to a stipulation between SCEI, Eduardo

25  Garcia, Richard Finley and the Labor Commissioner, the Honorable Patrick T.

26  Madden of the Los Angeles Superior Court took SCEI's petition to compel

27  arbitration off calendar, to be rescheduled pending the California Supreme Court's

28  decision in *Sonic-Calabasas*. *See* RJN, Exh. 5. On July 15, 2013, pursuant to a

DEFENDANT JULIE SU, LABOR COMMISSIONER OF THE STATE OF CALIFORNIA'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

stipulation between SCEI, Luis Torres-Garzon and the Labor Commissioner, the Honorable Ross M. Klein of the Los Angeles Superior Court continued SCEI's petition to compel arbitration in that case to January 9, 2014, to follow the *Sonic-Calabasas* decision. *See* RJN, Exh. 6.

The petitions to compel arbitration filed by OFI and SCEI prevented hearings from proceeding against them before the Labor Commissioner. *See* FAC, ¶ 31. The FAC does not and cannot allege that the Labor Commissioner has either noticed or held hearings on the OFI and SCEI Claimants' claims while the petitions to compel arbitration have been pending. It is entirely uncertain and speculative how the California Supreme Court will rule in *Sonic-Calabasas*, and how the state court will respond to that decision. OFI and SCEI are many steps removed from any adverse agency action by the Labor Commissioner.

There is no "final agency action" as to OFI and SCEI that is ripe for adjudication. Other than the cases currently on hold in the Los Angeles Superior Court, the FAC does not allege that the Labor Commissioner is taking other action to apply the *Borello* Test or enforce California labor laws against OFI and SCEI. OFI and SCEI also lack standing to seek a plenary declaration that all of California's labor laws are preempted.

Plaintiffs cannot meet the standing and ripeness requirements for establishing federal subject matter jurisdiction. In the event that the hypothetical injuries described in the FAC actually materialize in the future, Plaintiffs may seek relief then. But Plaintiffs should not be permitted to rush into federal court prematurely in the hopes that their speculative claims will incubate and ripen in the course of the motion to dismiss process. No further leave to amend should be granted.

**B.    The First Amended Complaint Fails To Allege Any Claims Upon Which Relief May Be Granted.**

On a Rule 12(b)(6) motion to dismiss, the Court assumes the truth of plaintiff's allegations and construes the complaint in the light most favorable to

1  plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F. 3d 336, 337-38 (9th Cir. 1996). But

2  courts "are not bound to accept as true a legal conclusion couched as a factual

3  allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions

4  can provide the framework of a complaint, they must be supported by factual

5  allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, "a plaintiff's

6  obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

7  labels and conclusions, and a formulaic recitation of the elements of a cause of

8  action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

9  (internal citations omitted).

10      In ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider

11  the allegations of the complaint, exhibits to the complaint, and documents whose

12  contents are centrally alleged in the complaint and whose authenticity no party

13  questions. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

14      **1.    The FAAAA does not preempt the entirety of California's labor**

15           **laws.**

16      Plaintiffs first claim for declaratory relief seeks a declaration from this Court

17  that the FAAAA preempts "the State's full measure of wage and hour and

18  employee-related laws as applied to Plaintiffs' Motor Carrier Services." FAC, p. 17.

19      Such an omnibus declaration of preemption – of *all* of California's labor laws

20  – is unprecedented and unsupported by the FAAAA or any other legal authority.

21  While there is a plethora of cases addressing whether the FAAAA preempts specific

22  provisions of the California Labor Code as applied to motor carriers such as

23  Plaintiffs, none of these cases even suggests that the FAAAA preempts all of the

24  State's labor laws simply because those laws have the potential to increase the

25  operational expenses of motor carriers. There are many reasons for such restraint.

26      First, as discussed above, the federal courts are not in the business of issuing

27  advisory opinions based on hypothetical scenarios. Courts that have issued orders

28  concerning the preemptive effects of the FAAAA on California labor laws have

1   limited themselves to judiciable disputes in which a specific party has demonstrated

2   standing to challenge a particular provision of California law based on a set of facts

3   ripe for adjudication.  Here, Plaintiffs allege on information and belief that they will

4   be forced to increase rates if required to provide medical benefits, medical leave,

5   worker's compensation, meal breaks and rest breaks.  FAC, ¶¶ 20-21.  But the FAC

6   does not allege that the Labor Commissioner has sought to enforce laws relating to

7   these requirements against Plaintiffs.  Instead, the FAC alleges that the claims filed

8   against them concern "unlawful deductions, interests and waiting time penalties."

9   FAC, ¶¶ 13-14.  As discussed above, there has been no final agency action as to any

10  of the claims arising from unlawful deductions, and the outcomes of the proceedings

11  currently pending in the Los Angeles Superior Court are too uncertain to predict; the

12  alleged harm arising from medical benefits and the like are entirely hypothetical.

13      Moreover, the FAAAA's preemptive effect is not indiscriminate or without

14  bounds.  The preemption clause of the FAAAA prohibits enforcement of state laws

15  "related to a price, route or service of any motor carrier… with respect to the

16  transportation of property."  49 U.S.C. § 14501(c)(1).  "Related to" embraces state

17  laws "having a connection with or reference to carrier rates, routes, or services,

18  whether directly or indirectly."  *Dan's City Used Cars, Inc. v. Pelkey*, 133 S.Ct.

19  1769, 1778 (2013) (citation and internal quotation marks omitted).  But "the breadth

20  of the words 'related to' does not mean the sky is the limit."  *Id.*  Section 14501 does

21  *not* preempt state laws that affect carrier prices, routes and services in only a

22  tenuous, remote or peripheral manner.  *Id.*  Nor does section 14501 preempt state

23  laws that are not related to the service of a motor carrier "with respect to the

24  transportation of property."  *Id.*

25      For example, the FAAAA does not preempt California's Prevailing Wage

26  Law ("CPWL").  *Californians for Safe and Competitive Dump Truck*

27  *Transportation v. Mendonca*, 152 F.3d 1184, 1189 (9th Cir. 1998).  In *Mendonca*, a

28  motor carrier association filed suit seeking declaratory and injunctive relief on

1  grounds that the CPWL is preempted by the FAAAA; the district court dismissed

2  the claims pursuant to Rule 12(b)(6).  *Id.* at 1186.  The Ninth Circuit affirmed.  *Id.* at

3  1190.  The Ninth Circuit found nowhere in the FAAAA "any mention of Congress'

4  intent to occupy the field of general prevailing wage laws."  *Id.* at 1189, nt. 6.  The

5  motor carrier association contended that the CPWL "increases its prices by 25%,

6  causes it to utilize independent owner-operators, and compels it to re-direct and re-

7  route equipment to compensate for lost revenue," but the court found such effect "is

8  no more than indirect, remote and tenuous."  *Id.*

9        The *Mendonca* decision is instructive – and determinative – in this case in

10  two key respects.  First, *Mendonca* demonstrates that the preemption analysis must

11  be applied to a specific provision of law.  State laws dealing with matters

12  traditionally within a state's police powers – such as generally applicable labor laws

13  – "are not to be preempted unless Congress's intent to do so is clear and manifest."

14  *Id.* at 1186.  Here, because Plaintiffs do not identify any particular provision of

15  California law they contend is preempted by the FAAAA, the Court cannot

16  determine whether Congress intended to preempt it.  The fact that the Ninth Circuit

17  has already determined that the CPWL is *not* preempted by the FAAAA precludes

18  Plaintiffs from obtaining a declaration that *all* California labor laws are.

19        Second, in order to state a claim of preemption under the FAAAA, it is not

20  enough to merely allege that the state law impacts prices, routes and services *by*

21  *increasing operational costs.*[3]  *Id.* at 1189.  To be preempted, the state law must

22  "constrain participation in interstate commerce by requiring a motor carrier to offer

23  services not available in the market," or "freeze into place services that carriers

_____

[3]  The Ninth Circuit also has held that the preemption provision of the Airline
Deregulation Act ("ADA"), upon which the FAAAA's preemption provision is
modeled, does not prohibit generally applicable nondiscrimination laws that require
airlines to provide spousal benefits to registered domestic partners.  *Air Transport
Assoc. of America v. City and County of San Francisco*, 266 F.3d 1064, 1072-1075
(9th Cir. 2001).

1   might prefer to discontinue in the future," or "open the way for a patchwork of state

2   services-determining laws, rules and regulations." *Dan's City Used Cars, Inc. v.*

3   *Pelkey*, 133 S.Ct. at 1780.  Following *Mendonca*, some District Courts in California

4   have concluded that California's meal and rest break laws are not preempted by the

5   FAAAA.  *See e.g. Mendez v. Carriers, Inc.*, 2012 WL 5868973 at *5-7 (N.D. Cal.,

6   Nov. 19, 2012); *Brown v. Wal-Mart Stores, Inc.*, 2013 WL 1701581 at *3-4 (N.D.

7   Cal., Apr. 18, 2013).  Other District Courts in California have concluded that the

8   FAAAA does preempt California's meal and rest break laws; yet they also

9   differentiate meal and rest break laws from "wage laws" that merely increase costs.

10  *See, e.g., Dilts v. Penske Logistics, LLC*, 819 F.Supp. 2d 1109, 1119-1120 (S.D. Cal.

11  2011) (finding that California's meal and rest and break laws raise more than "an

12  increased cost of business issue"); *Esquivel v. Vistar Corp.*, 2012 WL 516094 at *5

13  (C.D. Cal., Feb. 8, 2012) (differentiating California's meal and rest break laws from

14  wage laws).

15       With these divergent decisions and pending appeals[4] – mostly focused on

16  California's meal and rest break laws – the preemptive effect of the FAAAA on

17  California labor laws is clearly in flux.  But it is beyond dispute that a finding of

18  preemption requires an impact less tenuous than merely increasing the operational

19  costs of a motor carrier.  Here, unlike the Port of Los Angeles Concession

20  Agreement provision referenced in the FAC *requiring* motor carriers to use only

21  employee drivers, FAC at ¶ 10, the FAC does not allege that any provision of

22  California law imposes such a requirement on Plaintiffs.  The FAC merely alleges

23  _____

24  [4]   *Dilts v. Penske Logistics, LLC*, 819 F. Supp. 2d 1109 (S.D. Cal. 2011), which
     found preemption of California's meal and rest break laws, is on appeal before the

25  Ninth Circuit.  *People ex rel. Harris v. Pac Anchor Transportation, Inc.*, 195 Cal.
     App. 4th 765 (2011), in which the California Court of Appeal held that the FAAAA

26  does not preempt requirements relating to minimum wage, employee

27  reimbursements, payroll tax, and other provisions of California labor law, has been

28  granted review by and is currently pending before the California Supreme Court.

1   that to the extent the *Borello* Test results in the finding of employer-employee

2   relationships, such findings will increase Plaintiffs operational costs and require

3   Plaintiffs to adjust their rates and services accordingly.  FAC, ¶¶ 20-21.  This is

4   insufficient to support a wholesale finding of preemption of *all* of California's

5   "wage and hour and employee-related laws."

6         Although Plaintiffs contend that the FAAAA preempts the *Borello* Test

7   because the test is inconsistent with the FLSA's economic realities test, FAC at ¶¶

8   18-19, the California and federal standards and definitions for determining

9   "employment" are actually "analogous and complementary." *Bureerong v. Uvawas*,

10   922 F. Supp. 1450, 1470 (C.D. Cal. 1996).  Both the state and federal tests focus on

11   "the 'economic realities' of the relationship, rather than on mere contractual or

12   technical definitions," and the definitions for "employ," "employee," and

13   "employer" are "almost identical" under California and federal law.  *Id.*  Indeed, in

14   the *Borello* decision, "the California Supreme Court cited with approval the various

15   United States Supreme Court cases defining 'employment' in the context of the

16   FLSA." *Id.* (citing *S.G. Borello & Sons v. Department of Industrial Relations*, 48

17   Cal. 3d 341, 352 (1989)).  Plaintiffs' allegations concerning inconsistency between

18   the state and federal tests "are no more than conclusions," and "are not entitled to

19   the assumption of truth." *Ashcroft*, 556 U.S. at 679.  More importantly, the FAAAA

20   does not preempt every state law with a federal counterpart.  As discussed above,

21   the FAAAA preempts only state laws that have an impact on rates, routes or

22   services of a motor carrier, with respect to the transportation of property, in more

23   than a tenuous or remote manner.  *Dan's City Used Cars, Inc. v. Pelkey*, 133 S.Ct. at

24   1778.  The mere existence of a federal standard for determining "employee" lends

25   nothing to the preemption analysis; nor does it help Plaintiffs demonstrate ripeness

26   or standing.

27   / / /

28   / / /

2959709.1

14

DEFENDANT JULIE SU, LABOR COMMISSIONER OF THE STATE OF CALIFORNIA'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1    Plaintiffs' second claim for injunctive relief seeks, in part, to prevent the

2 Labor Commissioner from applying the *Borello* Test.[5]  *Id.*, ¶¶ 34-38.  This claim is

3 derivative of the first: preliminary injunctive relief is sought to "maintain the status

4 quo" until the Court issues a final declaratory judgment; permanent injunctive relief

5 is sought to enforce any declaratory judgment in Plaintiffs' favor.  *Id.*, ¶ 34.

6 Because Plaintiffs fail to state a claim for declaratory relief, their injunctive relief

7 claim fails as well.

8    **2.    This Court may not grant an injunction to stay the *de novo* appeals**

9    **pending in Los Angeles Superior Court.**

10    Plaintiffs' second claim for relief also seeks to enjoin the Labor

11 Commissioner from "enforcing the existing ODAs currently on appeal in Los

12 Angeles Superior Court."  The only ODAs alleged in the FAC are the ones issued

13 against TTSI.  FAC, ¶ 13, Exh. A.  As discussed above, due to the *de novo* appeals,

14 the ODAs are not final and there is nothing for the Labor Commissioner to enforce.

15 Moreover, even assuming that sometime in the future, the Los Angeles Superior

16 Court finds and enters judgment against TTSI, any such judgment would be

17 enforced by the TTSI Claimants, not the Labor Commissioner.[6]

18    To the extent the second claim for relief seeks to enjoin the *de novo* appeal

19 proceedings in Los Angeles Superior Court, such claim fails as a matter of law.

20 Under the Anti-Injunction Act, federal courts "may not grant an injunction to stay

21 proceedings in a state court."  28 U.S.C. § 2283.  This prohibition cannot be evaded

22 by ordering the litigants not to proceed or prohibiting the utilization of the results of

23

24 [5]   The request for injunctive relief to prohibit the Labor Commissioner from

25 "enforcing the existing ODAs currently on appeal in Los Angeles Superior Court" is
separately addressed below in Section IV.B.2.

26 [6]   The Labor Commissioner is not a *party* in the *de novo* appeals pending in the Los

27 Angeles Superior Court, and is involved only as counsel for Cristobal Barrera and

28 Jose Montero pursuant to California Labor Code section 98.4.

1    the state proceeding. *Prudential Real Estate Affiliates, Inc. v. PPR*, 204 F.3d 867,

2    879 (9th Cir. 2000). "The Anti-Injunction Act also applies to declaratory judgments

3    if those judgments have the same effect as an injunction." *California v. Randtron*,

4    284 F.3d 969, 975 (9th Cir. 2002). The Act applies even if the state court claim is

5    purportedly preempted by federal law. *Employers Resource Management Co., Inc.*

6    *v. Shannon*, 65 F.3d 1126, 1130 (4th Cir. 1995). "Rather, when a state proceeding

7    presents a federal issue, even a pre-emption issue, the proper course is to seek

8    resolution of that issue by the state court." *Chick Kam Choo v. Exxon Corp.*, 486

9    U.S. 140, 149-150 (1988). Here, the *de novo* appeals, as on-going state court

10   proceedings, cannot be enjoined by this Court either by declaratory judgment or by

11   injunction.

12   **C.    In The Alternative, Plaintiffs Should Be Required To Provide A More**

13   **Definite Statement Of The State Laws Concerning Which They Seek**

14   **Declaratory And Injunctive Relief.**

15        In the event that the Court allows Plaintiffs to proceed, Plaintiffs should be

16   required to provide a more definite statement of the California labor laws actually at

17   issue in this action.

18        A motion for a more definite statement is proper when a complaint is so

19   vague or ambiguous that the defendant cannot frame a responsive pleading. Fed. R.

20   Civ. P. 12(e). "If a pleading fails to specify the allegations in a manner that

21   provides sufficient notice, a defendant can move for a more definite statement under

22   Rule 12(e) before responding." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514

23   (2002). The Court may, "in response to a motion for more definite statement under

24   Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in

25   the particular case." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

26        Here, Plaintiffs should be required to provide a more definite statement of the

27   California laws and statutes concerning which they seek a finding of preemption.

28   Plaintiffs assert in various sections of the First Amended Complaint that they should

1   be exempted from "the State's wage and hour laws and other employee-related

2   statutes" and from "the full measure of California's wage and hour and employee-

3   related laws applicable to employees performing work within the State." *See e.g.,*

4   FAC, ¶¶ 2, 27.  Plaintiffs seek a declaratory judgment that "California's wage and

5   hour and employee-related laws" are preempted by federal law. FAC, ¶ 32.  But

6   nowhere in the FAC do Plaintiffs specify *which* provisions of "California's wage

7   and hour and employee-related laws" are at issue in *this* case, concerning *these*

8   Plaintiffs.  The FAC essentially lumps together the universe of California's

9   "employee-related laws" and asks the Court for a generic declaration that they are

10   all preempted.

11        Such vagueness and ambiguity prevent Su from framing an adequately

12   informed response.  As a preliminary matter, it simply cannot be the case that *all* of

13   California's employment or "employee-related" laws may be subjected to a

14   declaration of preemption in this case.  As discussed above, Plaintiffs do not have

15   standing to argue preemption of *all* California employment laws because they have

16   not been subjected to or threatened with enforcement of all such laws.  Moreover,

17   the Ninth Circuit has already found that *some* of California's employment laws are

18   *not* preempted by the FAAAA.  *Mendonca*, 152 F.3d at 1189 (holding the FAAAA

19   does not preempt California's Prevailing Wage Law).

20        More importantly, neither the Labor Commissioner nor the Court should be

21   required to guess at which provisions of state law are at issue in this case – which

22   necessarily affect discovery, settlement discussions, and trial preparations – or risk

23   the possibility that "plaintiffs will surprise them with something new at trial which

24   they reasonably did not understand to be in the case at all." *McHenry v. Renne*, 84

25   F.3d at 1180.  In *Palmtree Acquisition Corp. v. Neely*, 2011 WL 3419493 at *2

26   (N.D. Cal., Aug. 4, 2011), the Honorable Edward M. Chen of the Northern District

27   of California granted a motion for a more definite statement in a similar situation,

28   where a complaint seeking declaratory relief concerning "the parties' 'rights and

1 obligations under State laws'" failed to specify "what those state laws are or even
2 might be." Judge Chen found that absent specific information concerning the laws
3 at issue, "the scope of the claim is ill defined," and requiring the answering party to
4 obtain that information through discovery "makes little sense and would essentially
5 be a waste of time." *Id.* The same reasoning applies with equal force in this case.
6 The Labor Commissioner should not be forced to expend time and resources to
7 defend all of California's employment laws against a finding of preemption.
8 Instead, Plaintiffs should be required to provide a more definite statement of what
9 state laws are actually at issue.

10                                          **V**

11                                    **CONCLUSION**

12       For the foregoing reasons, defendant Julie Su, Labor Commissioner of the
13 State of California, respectfully urges the Court to dismiss the First Amended
14 Complaint in its entirety without leave to amend.  In the event the Court permits
15 Plaintiffs to proceed, the Labor Commissioner respectfully urges the Court to order
16 Plaintiffs to provide a more definite statement of the California laws concerning
17 which they seek a finding of preemption.

18
19 DATED:  September 3, 2013           Respectfully submitted,

20                                     Mark T. Drooks
21                                     Karis A. Chi
                                       Michelle C. Tam
22                                     BIRD, MARELLA, BOXER, WOLPERT,
                                          NESSIM, DROOKS & LINCENBERG, P.C.
23

24

25                                     By: _____/s/ *Karis A. Chi*_____
26                                               Karis A. Chi
                                            Attorneys for Julie Su, Labor
27                                          Commissioner of the State of California
28

DEFENDANT JULIE SU, LABOR COMMISSIONER OF THE STATE OF CALIFORNIA'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT