1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TOTAL TRANSPORTATION
SERVICES, INC., a California
corporation; OVERSEAS FREIGHT,
INC. a California corporation; and
SOUTHERN COUNTIES EXPRESS,
INC., a California corporation,

           Plaintiffs,

    v.

JULIE SU, LABOR COMMISSIONER
OF THE STATE OF CALIFORNIA,
DEPARTMENT OF INDUSTRIAL
RELATIONS, in her official capacity,

           Defendants.

Case No. CV12-08949 MMM (AJWx)

**ORDER RE STIPULATED
PROTECTIVE ORDER**

Complaint Filed: October 17, 2012
Trial Date:      None Set
District Judge:    Hon. Margaret M. Morrow
Magistrate Judge: Hon. Andrew J. Wistrich

Case No. CV12-08949 MMM (AJWx)

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

1    Based upon the Stipulated Protective Order submitted by Plaintiffs Total

2  Transportation Services, Inc., Overseas Freight, Inc., and Southern Counties Express,

3  Inc. and Defendant Julie Su, Labor Commissioner of the State of California,

4  Department of Industrial Relations, in her official capacity on November 26, 2013,

5  and for good cause shown:

6    The Court hereby orders the following:

7    **1.    <u>Purposes and Limitations:</u>**  Parties anticipate that discovery in this

8  action may involve the disclosure of confidential, proprietary, trade secret and/or

9  private information for which special protection from public disclosure and from use

10  for any purpose other than prosecuting this litigation is warranted under Federal Rule

11  of Civil Procedure 26(c) *et seq.*  The confidential, proprietary, trade secret or private

12  information that may be produced in this action fall into four categories.  They are:

13  (1) customer lists; (2) internal pricing information; (3) insurance premium

14  information; and (4) financial and tax documents not known to the public and having

15  some proprietary or other value to the business arising in part from their confidential

16  nature (defined herein as "Confidential Information").

17    Parties contend that good cause exists to protect Confidential Information, to

18  the extent prejudice or harm to a Party will result if no Protective Order is granted.

19  Parties contend that this Protective Order is needed to ensure fair and efficient

20  completion of discovery while protecting the Parties' rights in such confidential,

21  sensitive information and minimizing judicial intervention in the discovery process.

22  In particular, Plaintiffs contend that each of their business competitors will obtain an

23  unfair advantage, Plaintiffs will be economically prejudiced, and trade secrets will be

24  infringed if any of the Confidential Information is published for purposes outside

25  those permitted in this Protective Order.

26    Parties also contend that good cause may exist for the protection of other

27  confidential and proprietary documents that fall outside of the categories listed above

28  ("Other Confidential Information," defined below), which have not been identified at

1    Case No. CV12-08949 MMM (AJWx)

1    this time.

2         The Parties designating documents for protection under this Order

3    acknowledge that this Order does not confer blanket protections on all disclosures or

4    responses to discovery and that the protection it affords extends only to the limited

5    information or items that are entitled to protection under the applicable legal

6    principles regarding confidentiality.

7         **2.    Definitions:**

8              (a)    Party: any party to this action, including all of its officers,

9    directors, employees, consultants, retained experts, and outside counsel (and their

10   support staff).

11             (b)    Confidential Information: information (regardless of how

12   generated, stored or maintained) or tangible things that comprise (1) customer lists;

13   (2) internal pricing information; (3) insurance premium information; and (4)

14   financial and tax documents not known to the public and having some proprietary

15   or other value to the business arising in part from their confidential nature.

16             (c)    Other Confidential Information: information that is

17   confidential, proprietary, trade secret and/or private for which special protection

18   from public disclosure is afforded under the law, and is designated as

19   "Confidential", but does not fall within one of the four categories comprising

20   Confidential Information.

21             (d)    Receiving Party: a Party that receives discovery material from a

22   Producing Party.

23             (e)    Producing Party: a Party or non-party that produces discovery

24   material in this action.

25             (f)    Designating Party: a Party or non-party that designates

26   information or items that it produces in disclosures or in responses to discovery as

27   "Confidential" and/or "Proprietary."

28             (g)    Outside Counsel: attorneys who are not employees of a Party

1    but who are retained to represent or advise a Party in this action.

2            (h)    House Counsel: attorneys who are employees of a Party.

3            (i)    Counsel (without qualifier): Outside Counsel and House

4    Counsel (as well as their support staffs).

5            (j)    Expert: a person with specialized knowledge or experience in a

6    matter pertinent to the litigation who has been retained by a Party or its counsel to

7    serve as an expert witness or as a consultant in this action. This definition includes

8    a professional jury or trial consultant retained in connection with this litigation.

9        **3.    Scope:**  The protections conferred by this Protective Order cover not

10   only Confidential Information and Other Confidential Information, but also any

11   information copied or extracted therefrom, as well as all copies, excerpts,

12   summaries, or compilations thereof, plus testimony, conversations, or presentations

13   by Parties or counsel to or in court or in other settings that actually reveal

14   Confidential Information or Other Confidential Information.

15       **4.    Access to Confidential Information and Other Confidential**

16   **Information:**  As detailed below, the Court and its personnel are not subject to this

17   Protective Order.  Unless otherwise ordered by the Court or permitted in writing by

18   the Designating Party, a Receiving Party may disclose any information or item

19   designated CONFIDENTIAL only to:

20           (a)    the Receiving Party and the Receiving Party's Counsel of record

21   in this action, as well as employees of said Counsel to whom it is reasonably

22   necessary to disclose the information for this litigation;

23           (b)    the officers, directors, and employees (including House

24   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

25   this litigation;

26           (c)    the officers, directors, and managers of the Designating Party

27   during direct- or cross-examination during a deposition, to whom disclosure is

28   reasonably necessary for this litigation;

1          (d)    Experts (as defined in this Order) to whom disclosure is

2  reasonably necessary for this litigation and who have signed the "Agreement to Be

3  Bound by Protective Order" (Exhibit A);

4          (e)    court reporters (court reporters employed by the Court are not

5  subject to this Protective Order), their staffs, and professional vendors (including

6  independent copying, scanning, technical support and electronic document

7  processing services retained by a party or counsel; and graphics, translation, or

8  design services retained by a party or counsel) to whom disclosure is reasonably

9  necessary for this litigation and who have been informed that the information is

10  subject to a Protective Order and must remain confidential;

11          (f)    the author or recipient of the document, or the original source of

12  the information and who has previously been shown the document by Producing

13  Party;

14          (g)    third-party witnesses who have reason to review Confidential

15  Information or Other Confidential Information within the context of a deposition,

16  proceeding, hearing or trial in this case.  Third-party witnesses shall not be provided

17  Confidential Information or Other Confidential Information at any proceeding in

18  which counsel for the Designating Party is not present.  The Designating Party shall

19  be entitled to present the "Agreement to Be Bound by Protective Order" (Exhibit A)

20  for signature by a third-party witness prior to having Confidential Information and

21  Other Confidential Information disclosed to the third-party witness.  Should a third-

22  party witness refuse to sign the "Agreement to Be Bound by Protective Order," the

23  Designating Party shall be entitled to provide a copy of this Protective Order and

24  explain to the third-party witness that he or she is bound by the Order whether he or

25  she signs the "Agreement to Be Bound by Protective Order" or not.  Only then may a

26  Receiving Party allow a third-party witness to view, but not to retain, Confidential

27  Information or Other Confidential Information; and

28          (h)    any other person, as to whom the Parties agree in writing, subject

4

1   to the agreement of terms by all Parties, up to and potentially including that the

2   witness be required to sign the "Agreement to Be Bound by Protective Order"

3   (Exhibit A).

4        **5.     Designating Confidential Information and Other Confidential**

5   **Information:**  Except as otherwise provided in this Order, or as otherwise

6   stipulated or ordered, material that qualifies for protection under this Order must be

7   clearly so designated before the material is disclosed or produced.  By designating

8   a document, thing, material, testimony or other information derived therefrom as

9   "Confidential" pursuant to this Order, the party making the designation and its

10  counsel are certifying to the Court that: (a) they have reviewed each document so

11  designated; and (b) they have made a good faith determination that the designation

12  is supported by applicable law and fact.  Designation in conformity with this Order

13  requires:

14       (a)     For information in documentary form (apart from transcripts of

15  depositions or other pretrial or trial proceedings):  Prior to the production by it of any

16  documents considered or asserted to be Confidential Information or Other

17  Confidential Information, the Producing Party shall have the right to mark such

18  documents as "CONFIDENTIAL".  Both the first page and all subsequent pages of

19  the document will be so marked.

20       (b)     For testimony given in deposition or in other pretrial proceedings:

21  Any Party to this action may designate as Confidential Information or Other

22  Confidential Information one or more portions of any transcript (including exhibits)

23  of a deposition containing Confidential Information or Other Confidential

24  Information by so stating on the record in the course of the deposition or other

25  proceeding, or by advising the other Party of the designation in writing within twenty

26  (20) days after receipt of the transcript.  Any such designated portions shall

27  thereafter be subject to all of the provisions of this Protective Order.  However,

28  nothing in this Protective Order shall require the court reporter to seal any exhibits or

1  portions of transcripts; it shall be sufficient for counsel to simply make the

2  designation as outlined in this paragraph.

3                 (c)    <u>For information produced in some form other than documentary</u>

4  <u>and for any other tangible items</u>:  Prior to the production by it of information

5  produced in some form other than documentary considered or asserted to contain

6  Confidential Information or Other Confidential Information, the Producing Party

7  must affix in a prominent place on the exterior of the container or containers in

8  which the information or item is stored the legend "CONFIDENTIAL".  If only

9  portions of the information or item warrant protection, the Producing Party, to the

10  extent practicable, shall identify the protected portions.  Any such designated

11  portions shall thereafter be subject to all of the provisions of this Protective Order.

12        **6.**     **Challenging Confidential Information:**  If the Receiving Party

13  disagrees with the designation of any document or testimony as Confidential

14  Information, that Party must meet and confer in good faith with counsel for the

15  Designating Party of its objection to the designation before seeking relief from the

16  Court.  In conferring, the Receiving Party must explain its good faith basis for its

17  belief that the confidentiality designation was not proper and must give the

18  Designating Party an opportunity to review the designated material, to reconsider the

19  circumstances, and, if no change in designation is offered, to explain the basis for the

20  chosen designation within twenty (20) days of receipt of the objection.  A Receiving

21  Party that elects to press a challenge to a Confidential Information-designation after

22  meeting and conferring with counsel for the Designating Party may file and serve a

23  motion that identifies the challenged material and sets forth in detail the basis for the

24  challenge.  The Receiving Party may file such a motion at any time, subject to any

25  restriction on the filing of motions that may be contained in any case management or

26  scheduling order that has been or may be issued in this case.  Although the Receiving

27  Party is the moving party when challenging a designation of Confidential

28  Information, the burden of persuasion with respect to the issue whether there is good

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

1 cause for designating a document as "confidential" under this Order shall always be

2 borne by the Designating Party.  Until the dispute is resolved, the designated material

3 in question shall continue to be treated as Confidential Information subject to the

4 terms of this Protective Order.  If the Receiving Party does not contact the Court

5 (whether by motion or by some other procedure required or requested by the Court),

6 the material in question will remain Confidential Information subject to the terms of

7 this Protective Order.

8         Once a document or any other material is de-designated as "Confidential"

9 either by the Designating Party or by order of the Court, it loses all protections set

10 forth under this Order.

11         **7.        Challenging Other Confidential Information**

12         If the Receiving Party disagrees with the designation of any document or

13 testimony as Other Confidential Information, that Receiving Party must make its

14 objections to the Designating Party in writing and then meet and confer in good faith

15 with counsel for the Designating Party regarding the designation.  The Receiving

16 Party may make such objections at any time.  If the parties are not able to resolve

17 their dispute informally, within twenty (20) days of the last meet and confer

18 exchange, the Designating Party must then move the Court for a protective order to

19 uphold the designation of the Other Confidential Information, subject to any

20 restrictions on the filing of motions that may be contained in any case management

21 or scheduling order that has been or may be issued in this case, and bear the burden

22 of persuasion with respect to the issue whether there is good cause for designating a

23 document as "confidential" under this Order.  Until the dispute is resolved, the

24 designated material in question shall continue to be treated as Other Confidential

25 Information subject to the terms of this Protective Order.  If the Designating Party

26 does not contact the Court (whether by motion or by some other procedure required

27 or requested by the Court) within the aforementioned twenty (20)-day period, the

28 material in question shall be deemed de-designated as "Confidential" and shall lose

1   all protections set forth under this Order.

2   **8.     Use of Confidential Information and Other Confidential**

3   **Information:**  All Confidential Information and Other Confidential Information

4   herein produced shall be used only in connection with this litigation and shall not be

5   used in connection with any other lawsuit or for any other purpose whatsoever,

6   including any business purposes unrelated to the purpose of this suit.

7   (a)     This Order shall not prohibit the use of any documents or

8   information subject to the Order at trial of this matter.  Parties shall meet and confer

9   as to how Confidential Information and Other Confidential Information shall be

10  treated at trial sufficiently in advance of the Final Pretrial Conference and attempt to

11  provide to the Court a stipulated proposal as to how such information shall be

12  treated.  At any time prior to trial, but no later than during the Final Pretrial

13  Conference, a Designating Party may also seek the assistance of the Court to

14  implement safeguards regarding use of Confidential Information and Other

15  Confidential Information at trial.

16  (b)     Documents subject to this Order may be used as exhibits or

17  otherwise during depositions in this lawsuit pursuant to the requirements set forth in

18  paragraph 4 of this Order.

19  (c)     No provision of this Protective Order shall be construed as

20  restricting disclosure or use of any document or information by the Designating

21  Party of that document or information.

22  **9.     Unauthorized Disclosure of Confidential Information and Other**

23  **Confidential Information:**     No person bound by this Protective Order shall

24  disclose any Confidential Information or Other Confidential Information, either

25  orally or in writing, to any person to whom disclosure is not authorized by the

26  terms hereof.  If a person subject to this agreement learns that, by inadvertence or

27  otherwise, it has disclosed Confidential Information or Other Confidential

28  Information to any person or in any circumstance not authorized under this

Case No. CV12-08949 MMM (AJWx)

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

1  Protective Order, that person must immediately (a) notify in writing the

2  Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

3  all copies of the Confidential Information and Other Confidential Information, (c)

4  inform the person or persons to whom unauthorized disclosures were made of all

5  the terms of this Order, and (d) request such person or persons to execute the

6  "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

7  **10. Filing Confidential Information and Other Confidential**

8  **Information:**  All Confidential Information and Other Confidential Information

9  hereinafter filed with the Court shall be filed under seal and in accordance with the

10  procedures set forth in Central District of California Local Rule 79-5 and/or any

11  other applicable rules set forth by the judge and/or the jurisdiction in which the case

12  is litigated.

13  **11. Final Disposition:**  Within thirty (30) days after termination of this

14  litigation, including any and all appeals taken herefrom, or within thirty (30) days

15  after the time for taking such appeals has expired without appeal having been taken,

16  and upon request by the Designating Party, all counsel shall return to their respective

17  opposing counsel all discovery and copies thereof subject to this Protective Order

18  which are in the possession of persons or entities other than counsel for the Parties to

19  this Agreement.  All Confidential Information and Other Confidential Information

20  not returned shall remain subject to this Protective Order.

21  Plaintiffs shall retain a copy of all documents designated as "confidential"

22  and/or "proprietary" and produced to Defendant in this litigation for a period of at

23  least two years after the conclusion of this litigation, including any and all appeals

24  taken herefrom, and/or after the time for taking such appeals has expired without

25  appeal having been taken, unless that requirement is waived by Defendant.

26  **12. Miscellaneous:**

27  (a)  <u>Right to Further Relief</u>. Nothing in this Order abridges the right

28  of any person to seek its modification by the Court in the future.

Case No. CV12-08949 MMM (AJWx)

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(b)    Right to Assert Other Objections. By the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

(c)    Return of Confidential Information and Other Confidential Information:  Upon the request of any Party, upon final termination of this litigation, including all appeals, the Clerk of the Court shall return all written material containing Confidential Information and Other Confidential Information to the counsel of record who filed the same with the Court.

**SO ORDERED.**

/s/   **Andrew J. Wistrich**

DATED:  _12/2/2013_____

THE HON. ANDREW J. WISTRICH
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California, on _____, in the case of *Total Transportation Services, Inc.; Overseas Freight, Inc.; Pacific 9 Transportation, Inc.; and Southern Counties Express, Inc. v. Julie Su, Labor Commissioner Of The State Of California, Department Of Industrial Relations,* Case No. CV12-08949 MMM (AJWx). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

[PROPOSED] ORDER RE STIPULATED PROTECTIVE ORDER

1  Date: _____

2  City and State where sworn and signed: _____

3  Printed name: _____

4  Signature: _____

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28